

|  |  |  |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **PHILIP R. DePAUL**<br>Assistant Corporation Counsel<br>phone: (212) 788-0823<br>fax: (212) 788-9776<br>email: pdepaul@law.nyc.gov |

November 5, 2010

BY ECF
The Honorable Steven M. Gold
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Maurice Phillips v. The City of New York, et al.,
> 10 CV 4731 (ERK) (SMG)

Dear Chief Magistrate Judge Gold:

I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York assigned to the above-referenced case. I write, on behalf of defendant City of New York ("City"), to respectfully request a sixty-day enlargement of time, from to November 5, 2010 to January 3, 2011, for the City to answer or otherwise respond to the complaint. This the first request for an extension of time to respond to the complaint in this matter. Counsel for plaintiff, Gabriel P. Harvis, Esq., does not consent to this request. On November 4, 2010, I contacted Mr. Harvis to request his consent. Mr. Harvis conditioned plaintiff's consent to the requested enlargement if defendant agreed to provide plaintiff with the identity of the individual named in the caption of the complaint as "John and Jane Doe 1 through 10" within forty-five (45) days of the above date. In response, I explained to Mr. Harvis that while defendant would endeavor to provide plaintiff with the identities of as many police officers as it could within the requested time, it could not agree to the deadline proposed by plaintiff's counsel due to the fact that we had not yet received the N.Y. CRIM PROC. LAW § 160.50 release from plaintiff. Further, given the sparse factual allegations in plaintiff's complaint concerning the purported John and Jane Doe defendants (See Pl.'s Compl. at ¶¶ 9, 24, 25, 28, and 33), it may not be even be possible to identify these individuals within the requested

time frame, before defendant has had the full opportunity to investigate allegations in the complaint, and before the commencement of formal discovery in this matter.[1]

Plaintiff, Maurice Phillips, bring this action alleging, inter alia, that, on May 31, 2010, members of the New York City Police Department entered an apartment, arrested him and subjected him to excessive force. In addition to the City, the complaint purports to name "Paul V. McCarthy" as a defendant. A decision concerning this office's representation of Police Officer McCarthy has not yet been made and, accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, we would hope that the Court may, sua sponte, grant the same extension of time on his behalf, so that his defenses are not jeopardized while representational issues are decided.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that they were falsely arrested and subjected to excessive force. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. As plaintiff alleges that he accepted an adjournment in contemplation of dismissal in connection with the underlying criminal matter, all records associated with the incident alleged in the complaint would be sealed pursuant to N.Y. CRIM. PROC. LAW § 160.50. Accordingly, defendant could not access the records associated with the incident alleged in the complaint until receives unsealing release from plaintiff. Subsequent to my conversation with Mr. Harvis, this office received an executed release pursuant to § 160.50 from plaintiff, and defendant is in the process of requesting records from the various entities, including the New York City Police Department, the District Attorney's Office and the Criminal Court. The requested enlargement, therefore, will allow us time to receive the documents from the various entities, and to properly investigate the allegations in the complaint. See Cabble v. Rollieson, No. 04 Civ. 4193 (LTS) (FM), 2006 U.S. Dist. LEXIS 7385, at *27-*28 (S.D.N.Y. Feb. 24, 2006) (compelling plaintiff to produce § 160.50 release because "the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint."). As plaintiff's complaint alleges that they sustained injuries as a result of this incident, this office is also in the process of forwarding to plaintiff for execution a medical release, which is necessary for our office to obtain the medical records pertaining to the alleged injuries and treatment, if any.

Further, assuming that plaintiff effect proper service on Police Officer McCarthy, the enlargement will also allow this office time to determine, pursuant to N.Y. GEN. MUN. LAW § 50-(k) and based on the facts of the case, whether we can represent him. See Mercurio v. City of New York, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York,, 64

---

[1] Defendant, however, has agreed to provide the proper service address of the individual defendant actually named in the caption of the complaint. Such information was forwarded to plaintiff's counsel by facsimile today, November 5, 2010.

2

N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, it is respectfully requested that defendant's time to respond to the complaint be extended until January 3, 2011.

I thank the Court for its time and consideration in this regard.

Respectfully submitted,

/s/

Philip R. DePaul
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     Gabriel P. Harvis, Esq., *Attorney for Plaintiff* (by ECF)