

305 Broadway, 14th Floor
New York, NY 10007
Tel: (212) 323-6880
Fax: (212) 323-6881

Gabriel P. Harvis
gharvis@harvisandsaleem.com

Afsaan Saleem
asaleem@harvisandsaleem.com

November 5, 2010

**BY ECF**
Honorable Steven M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Maurice Phillips v. City of New York, et al.</u>
    10 CV 4731 (ERK) (SMG)

Your Honor:

  I represent the plaintiff in the above reference matter. I write in response to defendant City's letter dated November 5, 2010, to respectfully request that defendants be obligated to provide the names and service addresses of the officers involved in plaintiff's arrest within forty-five days of November 4, 2010, the date on which the City's answer was due. There are several reasons that plaintiff seeks and believes he is entitled to this relief.

  First, as the City explained in its November 5th letter, plaintiff has already provided defendants with a release pursuant to CPL § 160.50, allowing his arrest and prosecution records to be unsealed and obtained. However, the City neglected to mention that, in addition to providing this release, plaintiff provided the City yesterday with fifteen pages of arrest and prosecution paperwork, including the criminal court complaint, that on their face identify several officers in addition to Officer McCarthy. Plaintiff is merely asking that defendants interview the officers mentioned in the documents, along with Officer McCarthy, to find out if other officers were present – which they will necessarily do prior to drafting their answer in any event – and to provide plaintiff with a list of their full names and current employment addresses for service. This will save substantial time by allowing plaintiff to file and serve an amended complaint immediately, rather than having to wait until after the City has served its FRCP 26(a)(1) initial disclosures to do so.

  Second, judges in the Southern and Eastern Districts of New York frequently deny or limit the Corporation Counsel's routine enlargement requests and/or impose obligations such as that sought by plaintiff. <u>See</u>, <u>e.g.</u>, <u>Crown v. City of New York, et al.</u>, 09 CV 2614 (SAS) (KNF) (extending time to answer only thirty days); <u>Lewis v. City of New York, et al.</u>, 09 CV 5419 (LAK) (THK) (twenty-nine days); <u>Jones v. City of New York, et al.</u>, 10 CV 3169 (BSJ) (THK) (ordering City to identify Doe

defendants "as expeditiously as possible, but no later than the date of the Answer"); Munoz v. City of New York, et al., 10 CV 1041 (CBA) (JO) (granting sixty-day extension but ordering disclosure of names, shield numbers and service address of officers involved one week before answer due); Peart v. City of New York, et al., 10 CV 599 (KAM) (RER) (ordering disclosure of names and service information by date of answer).

   Third, the City will suffer no meaningful prejudice should the Court be inclined to grant the instant request. As explained above, the information requested will be gathered in the ordinary course of its investigation, and plaintiff's only request is that, in exchange for a sixty-day delay of his case, he be provided with the information allowing him to expeditiously amend the complaint.

   In light of the foregoing, it is respectfully requested that the City be required to provide the names and service addresses of the officers involved in plaintiff's arrest within forty-five days of November 4, 2010.

   Thank you for your consideration of this request.

                Respectfully submitted,

                Gabriel P. Harvis


cc: Phillip R. DePaul, Esq.