UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MAURICE PHILLIPS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK; PAUL V. MCCARTHY, and JOHN and JANE DOE, individually and in their official capacities, (the names John and Jane Doe being fictitious and the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER PAUL MCCARTHY**

10 CV 4731 (ERK)(SMG)

Jury Trial Demanded

        Defendants City of New York and Police Officer Paul McCarthy, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.    Paragraph "5" is a demand for a trial by jury, to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant McCarthy is employed by the City of New York as a Police Officer, that defendant McCarthy is assigned shield number 21020, and that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11. Paragraph "11" contains only conclusions of law, rather than averments of fact, to which no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that on or about May

31, 2010 at approximately 1:00 p.m., defendant McCarthy entered 344 Lefferts Avenue, in Brooklyn, NY, through a door that was left ajar.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that defendant McCarthy did not seek or obtain permission to enter 344 Lefferts Avenue.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that defendant McCarthy did not have a search warrant for 344 Lefferts Avenue.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that defendant McCarthy was not in "hot pursuit" of a fleeing suspect.

17. Paragraph "17" contains only conclusions of law, rather than averments of fact, to which no response is required.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that defendant McCarthy walked up the stairs of 344 Lefferts Avenue.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that, in sum and substance, plaintiff told defendant McCarthy to leave the apartment.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that defendant McCarthy did not leave 344 Lefferts Avenue immediately after he entered.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that defendant McCarthy attempted to arrest plaintiff.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff held onto a pole in the apartment.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit, on information and belief, that other police officers arrived at the scene.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff let go of the pole after additional officers arrived.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was handcuffed.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was transported to the 71st Precinct.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff was transported to Brooklyn Central Booking.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Resisting Arrest and that plaintiff was arraigned.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Admit the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "36" inclusive of their answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" inclusive of their answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" inclusive of their answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "42" inclusive of their answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" inclusive of their answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

- 6 -

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" inclusive of their answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

59. Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

60. Defendant Police Officer Paul McCarthy has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

61. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

62. Police Officer McCarthy's entry into the apartment was privileged.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

63. To the extent plaintiff brings claims pursuant to New York State law, they are barred for plaintiff's failure to comply with N.Y. GEN. MUN. LAW §§ 50-(e), (h) or (i).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

64. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of its discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

65. Plaintiff provoked any incident.

- 8 -

**WHEREFORE,** defendants City of New York and Police Officer Paul McCarthy request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 3, 2011

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  *Attorney for Defendants City of New York and*
                                  *Police Officer Paul McCarthy*
                                  100 Church Street, Room 3-208
                                  New York, New York 10007
                                  (212) 788-0823

                                  By:            /s/

                                  PHILIP R. DePAUL
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

TO:    BY E.C.F.
        Gabriel P. Harvis, Esq.
        Harvis & Saleem, LLP
        *Attorneys for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007

Docket No.  10 CV 4731 (ERK) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAURICE PHILLIPS,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK; PAUL V. MCCARTHY, and JOHN and JANE DOE, individually and in their official capacities, (the names John and Jane Doe being fictitious and the true names are presently unknown),

                                        Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER PAUL MCCARTHY**

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Police Officer Paul McCarthy*
100 Church Street
New York, New York 10007

Of Counsel:  Philip R. DePaul
Tel:  (212) 788-0823

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................................ , 201.....*

*............................................................................. Esq.*

*Attorney for......................................................................*