UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MAURICE PHILLIPS,

                      Plaintiff,

-against-

CITY OF NEW YORK; Police Officer PAUL V. MCCARTHY, Shield No. 21020; Police Officer ELIOT ARIAS, Shield No. 1808; Police Officer DANIEL PRIBER, Shield No. 23665; JANE DOE, individually and in her official capacity, (the name Jane Doe being fictitious, as the true name is presently unknown),

                      Defendants.

------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Jury Trial Demanded

10 CV 4731 (ERK) (SMG)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Maurice Phillips, an African-American male, is a resident of the State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Police Officer Paul V. McCarthy ("McCarthy"), shield number 21020, at all times relevant herein, was an officer, employee and agent of the NYPD. McCarthy is sued in his individual and official capacities.

9.  Defendant Police Officer Eliot Arias ("Arias"), shield number 1808, at all times relevant herein, was an officer, employee and agent of the NYPD. Arias is sued in his individual and official capacities.

10. Defendant Police Officer Daniel Priber ("Priber"), shield number 23665, at all times relevant herein, was an officer, employee and agent of the NYPD. Priber is sued in his individual and official capacities.

11. At all times relevant defendant Jane Doe was a police officer, detective or supervisor employed by the NYPD. Plaintiff does not know the real name and shield number of defendant Jane Doe.

12. At all times relevant herein, defendant Jane Doe was acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Jane Doe is sued in her individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On the afternoon of May 31, 2010, plaintiff was lawfully present in the apartment he shared with his family at 344 Lefferts Avenue in Kings County.

15. At approximately 1:00 p.m., defendant McCarthy walked through the front door to plaintiff's apartment, which at the time was cracked opened.

16. Defendant McCarthy did not seek or obtain permission to enter plaintiff's apartment, nor was he invited into plaintiff's apartment.

17. At the time he entered plaintiff's apartment, defendant McCarthy did not possess a search warrant for the premises.

18. At the time he entered plaintiff's home, defendant McCarthy was not in "hot pursuit" of a fleeing suspect, nor was there any other legal justification for his warrantless entry into plaintiff's apartment.

19. Absent a warrant or other legal justification, the Fourth Amendment prohibits a police officer from entering a private residence.

20. Once inside plaintiff's apartment, defendant McCarthy walked up the stairs.

21. Plaintiff, who was upstairs at the time, demanded that defendant McCarthy leave immediately.

22. Defendant McCarthy did not leave.

23. Instead, in retaliation for plaintiff's lawful request that he leave the premises, and in violation of plaintiff's Fourth Amendment rights, defendant McCarthy attempted to arrest plaintiff for an unspecified crime.

24. Plaintiff informed defendant McCarthy that he would not submit to an unlawful arrest and held on to a pole in his apartment.

25. Defendant McCarthy violently pulled on plaintiff in an effort to pry him from the pole, injuring plaintiff.

26. Shortly thereafter defendants Arias, Priber and Doe arrived, unlawfully entered plaintiff's apartment and walked upstairs.

27. Upon the arrival of the other individual defendants, plaintiff released his grip on the pole.

28. Once plaintiff released his grip, defendant McCarthy violently slammed plaintiff's face into the wall, causing plaintiff to suffer a split lip and other injuries.

29. Defendant McCarthy then handcuffed plaintiff very tightly.

30. Arias, Priber and Doe observed defendant McCarthy subject plaintiff to false arrest and excessive force and failed to intervene in the unconstitutional conduct, even though they had ample opportunity to do so, in violation of the constitutional duty they owed to plaintiff.

31. At the time of his arrest, plaintiff was wearing only pajama bottoms with no shirt or shoes and the individual defendants did not permit him to dress before removing him from the apartment.

32. Plaintiff was dragged out of his apartment in his pajama bottoms and taken to the 71st Precinct.

33. At the precinct, plaintiff was subjected to abhorrent conditions as he sat in a cell wearing only pajama bottoms for approximately 5 hours before being taken to Brooklyn Central Booking.

34. Plaintiff was arraigned on fabricated charges including Obstructing Governmental Administration and Resisting Arrest.

35. The arrest charges were fabricated by defendant McCarthy in an effort to cover-up his unconstitutional conduct, to wit, his warrantless entry into plaintiff's home, his false arrest of plaintiff and his violent assault of plaintiff, as well as to punish plaintiff for his attempted assertion of his constitutional rights.

36. After approximately 24 hours in custody, plaintiff was released.

37. Plaintiff's criminal charges were subsequently adjourned in contemplation of dismissal.

38. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
42 U.S.C. § 1983

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to Constitution of the United States.

## **SECOND CLAIM**
UNLAWFUL ENTRY

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants violated the Fourth Amendment by entering plaintiff's apartment without a warrant or other legal justification.

### THIRD CLAIM
FALSE ARREST

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendant McCarthy violated the Fourth Amendment because he arrested plaintiff without probable cause.

### FOURTH CLAIM
UNREASONABLE FORCE

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendant McCarthy violated the Fourth Amendment because he used unreasonable force on plaintiff.

### FIFTH CLAIM
DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendant McCarthy created false evidence against plaintiff.

49. Defendant McCarthy forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, defendant McCarthy violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **SIXTH CLAIM**
### MALICIOUS ABUSE OF PROCESS

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     Defendant McCarthy issued legal process to place plaintiff under arrest.

54.     Defendant McCarthy arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to frame plaintiff for crimes he had not committed, improve his arrest statistics, further his career, cover up his assault of him and his unlawful entry into plaintiff's home.

55.     Defendant McCarthy acted with intent to do harm to plaintiff without excuse or justification.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **SEVENTH CLAIM**
FAILURE TO INTERVENE

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## **EIGHTH CLAIM**
*MONELL*

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

62. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

63. The City, through its police department, trains its officers to illegally enter private residences and is indifferent to the consequences.

64. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

65. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

66. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

10

67. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 17, 2011
         New York, New York

HARVIS & SALEEM LLP

_____
GABRIEL P. HARVIS
*Attorneys for plaintiff*
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com

11